**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JAMES W. MERRITT,

    Plaintiff,

vs.                                            CASE NO. 3:11-cv-309-J-34TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## REPORT AND RECOMMENDATION[1]

This case is before the Court on Plaintiff's Uncontested Petition for Attorney's Fees filed October 31, 2011 (Doc. #22, Petition). Plaintiff's counsel requests a total award of $4,056.70 in attorney fees pursuant to the Equal Access to Justice Act (hereinafter referred to as EAJA) (Doc. #22 at 2).[2]

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); and, Local Rule 6.02(a), United States District Court for the Middle District of Florida.

[2] Plaintiff requests EAJA fees for work performed by two attorneys, Mr. Richard A. Culbertson and Ms. Sarah Fay (Doc. #22 at 2, 11-12). Mr. Culbertson is the only counsel of record for Plaintiff in this federal litigation. Research on the public website for the Florida Bar reveals Ms. Sarah Patience Fay is an attorney eligible to practice law within the state of Florida. *See* The Florida Bar, http://www.floridabar.org/names.nsf/ (last visited November 17, 2011). The business address shown for Ms. Fay corresponds with the address of record for Mr. Culbertson. Thus, the Court concludes Ms. Fay, in her capacity as an attorney, assisted Mr. Culbertson in the prosecution of this case. As a prevailing party, Plaintiff is entitled to an award of attorney fees under the EAJA for Ms. Fay's work. The Court would suggest, however, that in the future any attorney performing legal work in a plaintiff's appeal of a denial of disability benefits be included as counsel of record in the case.

Plaintiff avers Defendant has "no objection to this Petition" (Doc. #22 at 2), and, in fact, no response to the Petition has been filed. Thus, the matter is ripe for the Court's consideration.

Based upon a review of the information contained within the record, the Court makes the following legal and factual findings:

1. The EAJA provides that, "a court shall award to a prevailing party other than the United States fees and other expenses. . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d). Plaintiff in this case, having obtained a sentence four remand/reversal of a denial of benefits,[3] is a "prevailing party" as set forth in *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993). Upon determination that a plaintiff is the prevailing party, the burden shifts to the Commissioner to show that his position was substantially justified. *United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997). The position of the Commissioner will not be found to have been substantially justified unless the position had a reasonable basis in law and in fact, and "is justified to a degree that would satisfy a reasonable person." *Id.* Here, having requested the remand to the Commissioner and having consented to the EAJA petition, the government has impliedly admitted that its position was not substantially justified. *See Soto v. Astrue*, No. 09-CV-3238(FB), 2010 WL 2026269 (E.D.N.Y. May 20, 2010) (finding the government effectively conceded that its

---

[3] The case was remanded in response to the Commissioner's Unopposed Motion for Entry of Judgment with Remand filed on September 27, 2011 (Doc. #18, Motion). In response to the Commissioner's uncontested Motion, the District Court entered an order of remand pursuant to sentence four of 42 U.S.C. § 405(g) and § 1383(c)(3) on September 29, 2011 (Doc. #19). However, Judgment was not entered in this case until October 28, 2011 (*see* Doc. #20, Judgment in a Civil Case).

litigation position was not substantially justified since it did not oppose the EAJA fee petition); *Smith v. Sec'y of Health & Human Servs.*, No. CIV-87-1208E, 1990 WL 93974 (W.D.N.Y. Jun. 28, 1990) (finding that upon a stipulated remand and a stipulation to an award of EAJA fees, the government "impliedly admit[ed]" its position was not substantially justified); *see also Damian v. Sec'y of Health & Human Servs.*, No. CIV-88-875E, 1991 WL 99065 (W.D.N.Y. May 27, 1991) (finding same). Therefore, the Commissioner's position here was not substantially justified. The Court also finds there are no special circumstances which would make the award unjust *See* 28 U.S.C. § 2412(d); *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990).

2. In accordance with the parameters for payment of EAJA fees, Plaintiff expressly states, "Plaintiff's net worth at the time this proceeding was filed was less than two million dollars" (Doc. #22, ¶ 7), which the Court accepts as true. *See* 28 U.S.C. § 2412(d)(2)(B). Additionally, the Court finds Plaintiff's Petition was timely filed. *See* 28 U.S.C. § 2412(d)(1)(B).

3. The amount of attorney fees to be awarded "will be based upon prevailing market rates for the kind and quality of the services furnished," except that attorney fees will not exceed $125 per hour unless the Court determines that an increase in the cost of living or a "special factor" justifies a higher fee award. 28 U.S.C. § 2412(d)(2)(A). The awarded fee may not exceed twenty-five percent of the claimant's past due benefits. 42 U.S.C. § 406(b)(1)(A). There is no contention here that the claimed fee would exceed that amount.

It has been recognized that the EAJA allows for an adjustment due to changes in the cost of living, though such a change is not absolutely required. *Barber v. Sullivan*, 751

3

F. Supp. 1542, 1544 (S.D. Ga. 1990) (citing *Baker v. Bowen*, 839 F.2d 1075, 1084 (5th Cir. 1988)). *Baker* is also cited for the proposition that attorney fee increases do not necessarily have to follow the Cost of Living Index for a specific geographical area and that the decision as to whether attorney fees shall exceed the statutory cap rests entirely within the Court's discretion. *Id.* Plaintiff's counsel requests an enhancement of the statutory fee rate of $125 per hour based upon the cost of living increases since Congress set the amount in March 1996 as part of the Contract with America Advancement Act of 1996, Pub. L. No. 104-121, §§ 231-33 as codified in 28 U.S.C. § 2412(d)(2)(A).

Plaintiff's counsel claims that the statutory cap of $125 should be raised to $179.50 per hour for services provided in 2011 (Doc. #22 at 2). While this hourly is somewhat higher than rates routinely requested for this type of work in this Court, the Court in its discretion has determined that the hourly rate and the resulting fee amount are reasonable when factoring in the Consumer Price Index as a guide for Florida attorneys to be compensated under the EAJA.[4]

4. The Court's review must consider not only the reasonableness of the requested hourly rate for attorney fees, but also whether the number of hours claimed for attorney fees under the EAJA were reasonably expended. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988). Here, Plaintiff seeks compensation for twenty-two and six tenths

---

[4] The Court arrived at its conclusions after visiting the following website: www.minneapolisfed.org (last visited November 16, 2011). The Court refers to this public website for informational purposes only. The Court accepts no responsibility for and does not endorse any content found at this website. Furthermore, the Court's opinion is not affected should this website cease to be available in the future.

(22.6) hours of legal work reported by Plaintiff's counsel in relation to this federal litigation. This number of hours falls within the range of hours the Court typically sees reported for this type of litigation. Thus, the Court finds counsel's hours were reasonably expended in this case.

Included in those hours, Plaintiff requests one and six tenths (1.6) hours of fees for work performed before the complaint was filed with the federal court (Doc. #22 at 11).[5] Pre-complaint fees have been recognized as compensable when the hours worked are related to the preparation of the federal case and not related to the underlying administrative proceedings. *Webb v. Bd. of Educ. of Dyer Cnty.,* 471 U.S. 234, 243 (1985), *White v. United States*, 740 F.2d 836, 842 (11th Cir. 1984). The hours listed by Plaintiff's counsel for work explaining the federal court appeal process to Plaintiff and for preparation of the complaint are therefore found to be reasonable fees. *See also Caylor v. Asture*, 769 F. Supp. 2d 1350, 1353 (M.D. Fla. 2011) (granting pre-complaint fees where the time was reasonably expended toward litigation in the federal case ); *Harrison v. Astrue*, No. 3:08-cv-577-J-TEM, 2009 WL 3853184, *2-3 (M.D. Fla. Nov. 18, 2009) (reducing by half the number of pre-complaint hours claimed by the attorney for pre-complaint work; cutting out the hours spent on discussion of administrative proceedings, but leaving in the hours listed for preparation of the complaint in federal court).[6]

---

[5] The complaint in this case was filed on March 31, 2011 (Doc. #1). The work performed by Plaintiff's counsel from March 15 through March 29, 2011 is thus considered pre-complaint work (Doc. #22 at 11).

[6] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 32.1, Fed. R. App. P. Unpublished
(continued...)

Plaintiff requests seven tenths (.7) of one hour of fees for preparation of the petition for attorney fees (Doc. #22 at 11). The Eleventh Circuit has held that "fees for fees" are permitted as reasonable fees under EAJA. *See Jean v. Nelson*, 863 F.2d 759, 779-80 (11th Cir. 1988). The Eleventh Circuit found it reasonable to award fees for fees, as not doing so "would contravene Congress's purpose in passing the EAJA to require under all circumstances that successful EAJA fee applicant bear the costs of obtaining EAJA fees." *Id.* at 780. The Court finds the seven tenths of an hour of work to prepare the petition for attorney fees to be reasonable and compensable.

5. In light of *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528-29 (2010) (establishing that any award of attorney fees under the EAJA is subject to offset by the government of any debt owed by the plaintiff to the United States), this Court will award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees. It is not the duty of the Court to determine whether Plaintiff owes a debt to the government that may be satisfied, in whole or in part, from the EAJA fees award. Thus, the Court leaves it to the discretion of the government to accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff's counsel after a determination that Plaintiff does not owe a federal debt (*see* Doc. #22, ¶ 9).

6. Upon due consideration, the Court finds the stated 22.6 hours were reasonably expended by Plaintiff's attorneys in this case. Thus, the Court also finds $4,056.70 ($179.50 x 22.6 hours) is a reasonable amount for attorney fees in this case.

---

[6](...continued)
opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

7. Plaintiff was granted *in forma pauperis* status in this action (Doc. #6). Consequently, there is no claim for compensable incurred costs.

Accordingly, it is hereby **respectfully recommended:**

1. Plaintiff's Petition for Attorney Fees (Doc. #22) be **GRANTED**.

2. The Clerk be directed to enter judgment in favor of Plaintiff and against Defendant in the amount of $4,056.70 for attorney fees.

**DONE AND ENTERED** at Jacksonville, Florida this 30th day of November, 2011.

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

Copies to:
The Hon. Marcia Morales Howard
All counsel of record